IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, Plaintiff, v. LOCAL 234, TRANSPORT WORKERS UNION, Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 2:08-CV-1957-LDD **FILED** JUL 1 9 2010 MICHAEL E. KUNZ. Clerk By_____ Dep. Clerk |

### CONSENT DECREE

Plaintiff, Hilda Solis, Secretary of Labor (the Secretary), and defendant Local 234, Transport Workers Union (Local 234 or union), by and through their undersigned representatives, hereby stipulate and agree to settlement of this dispute as follows, and respectfully request that the court so order:

1.    This action was brought by the Secretary pursuant to Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (as amended), 29 U.S.C. § 401, *et seq.*, (Act or LMRDA), for the purpose of voiding the results of the September 28, 2007 election of 14 union officers, including the President, Executive Vice-President, Vice Presidents, Recording Secretary, Secretary Treasurer, Transportation Executive Board and Maintenance Executive Board, conducted by Local 234 and requesting a new election under the supervision of the Secretary of Labor.

2.    In her complaint, the Secretary alleged certain violations of Section 401(e) of the LMRDA had occurred in Local 234's 2007 election.

3.    Local 234 denies that it violated Section 401(e) in its September 28, 2007 election.

4.    In order to avoid the uncertainties of continued litigation, the devotion of additional time and energy to litigating the dispute, and in consideration of the need to prepare for Local 234's next regularly scheduled election, the parties have agreed to an amicable settlement of the action.

5.    The Parties, in settlement of this action, hereby stipulate and agree that Local 234 will conduct its next regularly scheduled election of the officers identified in paragraph 1 under the supervision of the Secretary.

6.    The supervised election shall be conducted in accordance with Title IV of the Act (29 U.S.C.§ 481, et seq.) and, insofar as lawful and practicable, in accordance with the Constitution of the Transport Workers International Union (TWU) and the Bylaws of Local 234.

7.    This stipulation of settlement does not constitute the voiding or invalidation of the results of the September 28, 2007 election of Local union officers and executive board members, nor does it establish wrongdoing on the part of the Local, or constitute a concession by the Secretary that her complaint was without merit.

8.    The President of Local 234 shall appoint five members in good standing to the Local's 2010 Election Committee in accord with Article VI of the Local's bylaws. The Election Committee will work in conjunction with, and under the supervision of, the Secretary's designee.

9.    The Secretary shall organize as soon as is practicable a meeting of Local 234 members for the sole purpose of soliciting ideas and opinions regarding the conduct of the upcoming election. The meeting will be limited to members of Local 234 only.

10.    All decisions as to the interpretation or application of Title IV of the LMRDA will be determined by the Secretary and her decisions shall be final, subject to challenge in this Court. All

decisions as to the application of the TWU Constitution and Local 234's bylaws relating to the supervised election will also be determined by the Secretary and her decisions shall be final, subject to challenge in this court.

11.    This stipulation of settlement does not affect the rights of the Union with respect to any future Local 234 Executive Board election.

12.    The Court shall retain jurisdiction of this action, and after completion of the supervised election, plaintiff shall certify to the Court the name of the persons so elected, and that such election was conducted in accordance with Title IV of the Act, and insofar as lawful and practicable, in accordance with the provisions of the Defendant's Constitution and Bylaws. Upon approval of such certification, the Court shall enter a Judgment declaring that such persons have been elected as shown by such certification to serve a three year term of office.

13.    The Judgment shall further provide that each party shall bear its own costs, including attorney's fees, and other expenses incurred by the party in connection with any stage of this proceeding.

By: _____
Michael S. Blume
Asst. U.S. Attorney
For the Secretary

By: _____
Willie Brown, President,
TWU, Local 234
For the Union

SO ORDERED, this 19th day of July, 2010

**/S/LEGROME D. DAVIS**
_____
Legrome D. Davis, U.S. District Court Judge

3

decisions as to the application of the TWU Constitution and Local 234's bylaws relating to the supervised election will also be determined by the Secretary and her decisions shall be final, subject to challenge in this court.

11.    This stipulation of settlement does not affect the rights of the Union with respect to any future Local 234 Executive Board election.

12.    The Court shall retain jurisdiction of this action, and after completion of the supervised election, plaintiff shall certify to the Court the name of the persons so elected, and that such election was conducted in accordance with Title IV of the Act, and insofar as lawful and practicable, in accordance with the provisions of the Defendant's Constitution and Bylaws. Upon approval of such certification, the Court shall enter a Judgment declaring that such persons have been elected as shown by such certification to serve a three year term of office.

13.    The Judgment shall further provide that each party shall bear its own costs, including attorney's fees, and other expenses incurred by the party in connection with any stage of this proceeding.

By: _____
Michael S. Blume
Asst. U.S. Attorney
For the Secretary

By: _____
Willie Brown, President,
TWU, Local 234
For the Union

SO ORDERED, this 14th day of July, 2010

_____
Legrome D. Davis, U.S. District Court Judge

3